**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **Maureen Rittenberry,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No.:1:14-cv-51** |
| ) | |
| **Credit Control, LLC, LVNV Funding,** ) | |
| **LLC, and Stenger & Stenger, P.C.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | _____ |

**COMPLAINT SEEKING DAMAGES FOR VIOLATION OF**
**THE FAIR DEBT COLLECTION PRACTICES ACT**

**Introduction**

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.  Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.  Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional."  Hahn vs. Triumph Partnerships, LLC, 557 F.3d 755, 758 (7th Cir. 2009).

4. Even a single violation of the FDCPA is sufficient to support liability.  Taylor vs. Perrin, Landry, DeLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

**Jurisdiction**

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

**Venue**

6. Venue is proper in this Judicial District

7.   The acts and transactions alleged herein occurred in this Judicial District.

8.   The Plaintiff resides in this Judicial District.

9.   The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Maureen Rittenberry, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Credit Control, LLC, (hereinafter referred to as "Credit Control"), is a debt collection agency and/or debt purchaser operating from an address at 5757 Phantom Drive, Suite 330, Hazelwood, MO 63042.

14. The Defendant is a debt collection agency and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. The Defendant, LVNV Funding, LLC, (hereinafter referred to as "LVNV"), is a debt collection agency and/or debt purchaser operating from an address at 624 Pilot Rd, Suite 3, Las Vegas, NV 89119

16. The Defendant is a debt collection agency and the Defendant is licensed by the State of Indiana. *See Exhibit "2" attached hereto*.

17. The Defendant, Stenger & Stenger, (hereinafter referred to as "Stenger", together with Credit Control and LVNV "Defendants"), is a debt collection agency and/or debt purchaser operating from an address at 2618 E. Paris Ave., SE, Grand Rapids, MI 49546.

18. The Defendant, Stenger, is a debt collection agency but the Defendant is **NOT** licensed by the State of Indiana. *See Exhibit "3" attached hereto*.

19. Defendants regularly attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

20. The Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

21. The Defendants are debt collection agencies attempting to collect a debt from Plaintiff.

22. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

23. The debt owed by Plaintiff went into default.

24. After the debt went into default the debt was placed or otherwise transferred to the Defendants for collection.

25. The Plaintiff disputes the debt.

26. The Plaintiff requests that the Defendants cease all further communication on the debt.

27. The Defendants' collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

28. The Defendants acted at all times mentioned herein through its employee(s) and/or representative(s).

29. The Plaintiff retained John Steinkamp & Associates for legal representation regarding the Plaintiff's debts.

30. On or about January 14, 2013, the Defendant, Credit Control, send a dunning letter to the Plaintiff in an attempt to collect a debt. *See Exhibit "4" attached hereto*.

31. The "Current Balance Due" stated on the January 14, 2013 dunning letter is $2,167.37. See Exhibit "4" attached hereto.

32. The January 14, 2013, dunning letter sent by Defendant Credit Control stated that the "Current Creditor" is LVNV Funding, and included the 30-day validation notice. Therefore, Credit Control sent the dunning letter as an agent of LVNV Funding. *See Exhibit "3" attached hereto*.

33. On or about November 11, 2013, the Defendant Stenger sent the Plaintiff a dunning letter in an attempt to collect the same debt to LVNV Funding. *See Exhibit "4" attached hereto*.

34. The November 11, 2013 dunning letter stated that the "Total Balance as of the date of this letter" is $1,239.51. *See Exhibit "4" attached hereto*.

35. The November 11, 2013, dunning letter stated that Defendant Stenger, "...represent[s] LVNV Funding, LLC..." Therefore, Defendant Stenger sent the dunning letter as an agent of LVNV. *See Exhibit "4" attached hereto*.

36. On December 3, 2013, the Plaintiff obtained and reviewed a copy of her TransUnion credit report. *See Exhibit "4" attached hereto*.

37. On December 3, 2013, the Defendant LVNV was continuing to report the same debt that Defendants Credit Control and Stenger had already attempted to collect from the Plaintiff. *See Exhibit "4" attached hereto*.

38. The reporting of a debt to a credit reporting agency by a debt collect or is a communication to which the FDCPA applies.  *See* Daley v. A & S Collection Assocs., Inc., 2010 WL 2326256 (D. Oreg. 2010); Akalwadi v. Risk Mgmt Alternatives, Inc., 336 F. Supp.2d 492, 503 (D. Md. 2004).

39. The TransUnion credit report dated December 3, 2013, shows that the "High Balance" is $1,240, an amount completely different from the other dunning letters sent to the Plaintiff.  *See Exhibit "4" attached hereto*.

40. The December 3, 2013 credit report states that it was last reported, or updated, on November 12, 2013.  See Exhibit "4" attached hereto.

41. The December 3, 2013, credit report shows a balance history.  In January of 2013, LVNV was reporting a balance of $2,171, different than the balance shown by Credit Control's dunning letter.  *See Exhibit "4" attached hereto*.

42. The amounts from the three Defendants on the same debt all differ in amount, to which only one, if any, can be correct.

43. Therefore, the Defendants misrepresented the amount of the debt in their communications to the plaintiff.

44. Additionally, the balance history of the December 3, 2013 credit report, shows that LVNV was reporting an erratic balance.  For example, the balance changed from December 2012 ($1,610) to January 2013 ($2,171), and steadily climes until September (balance $2,332), before it drops dramatically to $1,240.  *See Exhibit "4" attached hereto*.

45. The principal is responsible for the actions of its agents when done in the scope of their employment.  Therefore, LVNV is responsible for the actions of Credit Control and Stenger in their attempts to collect the debt from the Plaintiff.

46. The Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**First Claim for Relief:**
**Violation of the FDCPA**

1. The allegations of Paragraphs 1 through 46 of the complaint are realleged and incorporated herewith by references.

2  The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by misrepresenting the amount of the debt in all their communications to the Plaintiff.

3  The Defendants misrepresented the amount of the debt to the credit report, which constitutes a violation of 15 U.S.C. § 1692e.

4  The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by misrepresenting the amount of the debt in all their communications to the Plaintiff.

5  The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by adding on fees that were not permitted by the underlying transaction creating the debt.

6  The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by attempting to collect an amount not authorized by the underlying transaction creating the debt or permitted by law.

**7**  As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays that the Court grant the following:

1.  A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2.  Actual damages under 15 U.S.C. § 1692k(a)(1).

3.  Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4.  Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5.  Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5218 S. East Street, Suite E1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com